UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KERRY BOULTON, et al., | No. 2:15-cv-02384-MCE-A |
|---|---|
| Plaintiffs, | |
| v. | **ORDER** |
| US TAX LIEN ASSOCIATION, LLC, et al., | |
| Defendants. | |

Plaintiffs Kerry Boulton, Ane Marie Lacy, William Gamba, Luca Angelucci, and Jeremy Andrews ("Plaintiffs") are non-U.S. citizens who wanted to invest in U.S. Government-Issued Tax Lien and Deed certificates.  They paid thousands of dollars to Defendants Saen Higgins ("Higgins"), Steve Clements ("Clements"), and US Tax Lien Association ("USTLA") (collectively, "Defendants") to learn how to do so.  Defendants referred Plaintiffs to a company called American Transfer Services, Inc. ("ATSI") to assist them in meeting the additional requirements applicable to them as foreign investors. Instead of helping them meet the additional requirements, however, Plaintiffs allege that ATSI unlawfully withheld approximately $297,000 of their money.  By way of this action and the operative Second Amended Complaint ("SAC"), Plaintiffs thus pursue claims for misrepresentation and violation of California's Unfair Competition Law ("UCL").

1

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' UCL claim as insufficiently pled.  For the reasons that follow, Defendants' Motion is GRANTED in part and DENIED in part.

Defendants' contention that Plaintiffs' First Amended Complaint ("FAC") fails to allege facts sufficient to state a claim for a violation of California's UCL lacks merit with respect to Plaintiffs Gamba, Boulton, and Andrews.  While the Court previously dismissed Plaintiffs' UCL claim with leave to amend, finding that Plaintiffs' allegations in support of that claim entailed an improper extraterritorial application of California Business and Professions Code section 17200, ECF No. 17, the SAC remedies that problem.  Specifically, the SAC alleges both that: (1) USTLA required Plaintiffs Gamba and Boulton to watch a webinar that was prerecorded in California and instructed its viewers to transact with ATSI; and (2) Plaintiff Andrews attended a seminar in San Francisco, California, in which a USTLA representative instructed attendees to contact ATSI immediately.  Accordingly, the SAC contains sufficient allegations that Defendants engaged in misconduct in California, that the misconduct is covered by section 17200's "unfair" and "fraudulent" prongs, and that Plaintiffs Andrews, Gamba, and Boulton were injured by that misconduct.  As the Court previously explained, unfair or fraudulent business practices that injured Plaintiffs and were committed in or disseminated from California are all that is required for Plaintiffs to state a claim under California's UCL.  ECF No. 17 at 11.  Accordingly, Defendants' Motion is DENIED with respect to Plaintiffs Andrews, Gamba, and Boulton's Third Claim for Relief.

The SAC, however, contains no allegations that these examples of misconduct, or any other unfair or fraudulent actions originating from California, injured Plaintiffs Lacy and Angelucci.  California's UCL only confers standing on persons who have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  Because Plaintiffs Lacy and Angelucci have failed to allege that they were injured by misconduct originating from California, Defendants' Motion to Dismiss must be GRANTED with respect to their Third Claim for Relief.

1       Accordingly, Defendants' Motion to Dismiss (ECF No. 19) is GRANTED in part

2 and DENIED in part consistent with the foregoing.  The SAC's Third Cause of Action for

3 violation of California's UCL is DISMISSED with respect to Plaintiffs Lacy and Angelucci

4 with leave to amend.  Plaintiffs may file a Third Amended Complaint no later than

5 twenty-one (21) days from the date this order is electronically filed.  This shall be the

6 final opportunity to amend the Complaint to state a claim for violation of California's UCL

7 on behalf of Plaintiffs Lacy and Angelucci.  If no amended complaint is timely filed, those

8 causes of action dismissed by virtue of this order will be deemed dismissed with

9 prejudice upon no further notice to the parties.

10       IT IS SO ORDERED.

11 Dated: August 30, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE