UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BOULTON, ANE MARIE LACY, WILLIAM GAMBA, LUCA ANGELUCCI, and JEREMY ANDREWS,<br><br>Plaintiffs,<br><br>v.<br><br>US TAX LIEN ASSOCIATION, LLC, a Nevada Limited Liability Company; SAEN HIGGINS, and STEVE CLEMENTS,<br><br>Defendants. | No. 2:15-cv-02384-MCE-AC<br><br><br><br><br><br>**ORDER** |
| US TAX LIEN ASSOCIATION, LLC, a Nevada Limited Liability Company; and SAEN HIGGINS<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>AMERICAN TRANSFER SERVICES, INC., a Delaware corporation, and REUBEN SANCHEZ,<br><br>Third-Party Defendants. | |

///

///

///

1

Through this action, individual foreign investors ("Plaintiffs") seek to recover from Defendant US Tax Lien Association and its principal, Saen Higgins (collectively "USTLA") and others for alleged misrepresentation and unfair business practices relating to the Plaintiffs' investment in tax lien certificates. Plaintiffs allege that in reliance upon purported statements by USTLA, Plaintiffs transferred money to American Transfer Services, Inc. ("ATSI"), a third-party vendor, to facilitate Plaintiffs' investment in the tax lien certificates. Plaintiffs allege that ATSI then essentially absconded with Plaintiffs' funds. Plaintiffs thereafter commenced this action against USTLA, and USTLA subsequently filed a third-party complaint against ATSI and its principal, Reuben Sanchez ("Sanchez"), for fraud, indemnity, and contribution arising out of the Plaintiffs' claims. USTLA has thus far been unable to effectuate service on Third-Party Defendant ATSI. Presently before the Court is USTLA's unopposed motion to serve ATSI by publication ("Mot. for Service by Pub."). For the reasons set forth below, that motion is GRANTED.[1]

Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. See Fed. R. Civ. P. 4(e)(1). Service by publication is permissible under California law in certain circumstances: "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Code Civ. Proc. § 415.50(a).

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

"In determining whether a plaintiff has exercised 'reasonable diligence' for purposes of § 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" Duarte v. Freeland, C-05-2780 EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (quoting Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978)); see also Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995) ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). Due process concerns mandate that service by publication is appropriate "only as a last resort." Donel, Inc., 87 Cal. App. 3d at 327; see also Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (discussing due process and notice to a party). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." Watts, 10 Cal. 4th at 749. "The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that 'all myriad . . . avenues' have been properly exhausted to warrant service by publication." Duarte, 2008 WL 683427, at *1 (ellipsis in original) (quoting Donel, 87 Cal . App. 3d at 333). In Mullane, the Court noted that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." 339 U.S. at 317.

The Court is satisfied that USTLA has diligently attempted to serve ATSI and Sanchez, and that such service has been all but impossible. USTLA filed its Answer and Third-Party Complaint ("TPC") on October 19, 2016, ECF No. 26, and summons was issued the following day, ECF No. 27. From October 20, 2016 to the date on which USTLA filed the present motion, it attempted to effect service on ATSI and/or Sanchez many times at no fewer than six different business and residential addresses. See Decl. of Teri T. Pham ISO Mot. for Service by Publication, ¶¶ 3-9; Decl of James J. Passmore

ISO same, ¶¶ 3-9.  Counsel's declaration provides that USTLA has attempted to serve ATSI at the address listed as that of its registered agent on Delaware's Secretary of State webpage, and by serving the Delaware Department of State, Division of Corporation.  Id. at ¶¶ 4, 8-9.  Neither attempt was successful.  Id.  USTLA also attempted to serve Sanchez at the business address associated with a domain name Sanchez had registered the month prior, at a second business address found online, and at a residence and yet another business address associated with Sanchez on the California Secretary of State website.  Id. at ¶¶ 5-7.  A declaration from the process server confirms these details and further provides that the process server made contact with individuals at many of the attempted service locations, none of whom could provide the location of Sanchez.  See id.  The Court is thus satisfied USTLA has exhausted its options and cannot with reasonable diligence effect service in any manner other than by publication.

Further, it appears that a legitimate cause of action exists against ATSI and Sanchez for fraud, indemnity, and contribution.  See TPC.  Moreover, these general allegations provide further support to USTLA's theory that ATSI and Sanchez are evading service.

On these facts, service by publication is appropriate and USTLA's motion is GRANTED.[2]  USTLA shall publish the Summons in a newspaper in the State of California most likely to give actual notice to ATSI and Sanchez, Cal. Code. Civ. Proc. § 415.50(b).  Publication shall be once a week for four successive weeks, Cal. Gov. Code § 6064, and shall begin not later than thirty (30) days from the date of electronic

///
///
///
///

---

[2] USTLA's related Request for Judicial Notice is DENIED as moot.  The Court need not, and did not, rely on the docket or declaration in Case No. 3:15-cv-00462 (S.D. Cal.) in granting USTLA's present motion for publication by service.

filing of this Order.  A copy of the Summons, the Complaint, the TPC, and this Order shall be mailed to ATSI and/or Sanchez if a valid address is ascertained before expiration of the time prescribed above for publication of the summons.

IT IS SO ORDERED.

Dated:  August 7, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE