UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BOULTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. TAX LIEN ASSOCIATION, LLC, et al.,<br><br>Defendants. | No. 2:15-cv-2384 MCE AC<br><br><br><br>ORDER |

This matter is before the court pursuant to Local Rule ("LR") 301(c)(1), on defendants U.S. Tax Lien Association and Sean Higgins' ("defendants") motion to compel. ECF No. 48. In support of their motion, defendants submit various exhibits and declarations.

Plaintiffs have not responded to the motion in any way nor participated in preparing or executing the required joint statement pursuant to Local Rule ("LR") 251(c). The description of the dispute is therefore taken from the undisputed facts contained in the declarations filed with the court. The undersigned has determined that the matter may be submitted on the papers, and decided without oral argument. ECF No. 50.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On January 1, 2018, plaintiffs filed a Third Amended Complaint ("TAC"), ECF No. 45, which is the operative complaint in this case. Plaintiffs bring this diversity action raising five

1

state law claims for intentional misrepresentation, negligent misrepresentation, violation of Section 17200 of the California Business & Professional Code, negligence, and breach of fiduciary duties.

According to the TAC, plaintiffs each attended tax programs offered by U.S. Tax Lien Association, LLC ("USTLA") for purposes of investing in U.S. tax certificates. ECF No. 45 at ¶¶17-18, 26, 28, 32-34. Prior to attending the USTLA workshops, plaintiffs were sent an email requiring them to watch a "special webinar" and instructed to transact with a third-party vendor, American Transfer Services, Inc. ("ATSI"),[1] to facilitate meeting the requirements necessary to begin investing in U.S. tax certificates. Id. at ¶¶19-20, 26, 29-30, 33, 35. Relying on USTLA's representations, plaintiffs wired substantial sums of funds to ATSI for purposes of facilitating the purchases of U.S. tax certificates. Id. at ¶¶25, 27, 31, 34, 36. Plaintiffs allege ATSI failed to provide banking services as represented, and instead, unlawfully withheld plaintiffs' funds and ceased all communications with plaintiffs. Id.

On January 31, 2018, the parties participated in an early meet and confer relating to discovery and the taking of depositions. Declaration of Teri T. Pham (ECF No. 49-1 at 1-5) ("Pham Decl. (49-1)") at ¶3. Plaintiffs' counsel was expected to provide plaintiffs' available dates for the depositions after the meeting. Id. at ¶4. However, no dates were provided to defendants as promised. Id. On March 20, 2018, defendants noticed depositions for plaintiffs and served document requests and interrogatories on plaintiffs' counsel. Pham Decl. (49-1) at ¶4; ECF Nos. 49-1 at 7-30 (Notice of Deposition of Plaintiff Kerry Boulton ("Exh. A"), Notice of Deposition of Plaintiff Ane Marie Lacy ("Exh. B"), Notice of Deposition of Plaintiff William Gamba ("Exh. C"), Notice of Deposition of Plaintiff Luca Angelucci ("Exh. D"), Notice of Deposition of Plaintiff Jeremy Andrews ("Exh. E")); 49-1 at 32-120 (document requests); 49-1 at 122-171 (interrogatories). On April 13, 2018, after receiving no response from plaintiffs' counsel, defendants' counsel sent an email confirming the appearance of plaintiffs at their depositions. Pham Decl. (49-1) at ¶5. Plaintiffs' counsel responded that same day that the

---

[1] ATSI is a third-party defendant in this action.

2

deposition dates did not work and that counsel would contact plaintiffs regarding alternate dates by the following week. Id. at ¶6. On April 19, 2018, plaintiffs' counsel provided an available date for one plaintiff and promised to provide the remaining dates for the other four plaintiffs by the end of the week. Id. at ¶7. Defendants' counsel notified plaintiffs' counsel of their unavailability for the proposed date and provided several alternative dates for the depositions to take place and of their availability – however, plaintiffs' counsel failed to respond. Id. at ¶7. By the April 23, 2018 discovery deadline, plaintiffs' counsel had failed to provide responses to the document requests and interrogatories. Id. at ¶9

On April 26, 2018, defendants' counsel contacted plaintiffs' counsel to request available dates for the depositions to take place. Pham Decl. (49-1) at ¶8. On May 2, 2018, due to plaintiffs' failure to respond, defendants' counsel sent a letter setting a deadline of May 4, 2018 for plaintiffs' counsel to provide dates for the depositions and responses to the discovery requests. Id. at ¶10; 49-1 at 184 (Exhibit S). On May 7, 2018, defendants' counsel was notified by New York co-counsel that plaintiffs' unverified responses to the interrogatories were received with a post-marked date of April 25, 2018 in New York. Pham Decl. (49-1) at ¶11. However, no responses were served on defendants' co-counsel, Ms. Pham, or her office. Id. Defendants' counsel sent another letter the same day, again making the same requests as her May 2, 2018 letter. Id. at ¶12. Defendants' counsel also provided for availability to meet and confer regarding the outstanding discovery requests. Id.; 49-1 at 187 (Exhibit T).

On May 9, 2018, after no response from plaintiffs' counsel, defendants' counsel sent an email notifying plaintiffs' counsel that they would be moving forward on the motion to compel due to the lack of communication and effort to meet in confer. Pham Decl. (49-1) at ¶13. That same day, plaintiffs' counsel responded by email that he was compiling responses to the document requests and that they would be provided by end of the week, as well as the dates of availability to take plaintiffs' depositions. Id. at ¶ 14. After receiving no further responses from plaintiffs' counsel, on May 21, 2018, defendants' counsel sent yet another email detailing the outstanding document requests, deficient and untimely responses to the interrogatories, and
////

requesting availability to meet and confer pursuant to Local Rule 251(b). Id. at ¶ 15. Plaintiffs' counsel did not respond. Id.

## II. MEET AND CONFER & JOINT STATEMENT

Based on defendants' representations, which are undisputed, the court finds that this matter is exempt from the Meet and Confer and Joint Statement requirements of Local Rule 251. For purposes of Local Rule 251(e)(1), plaintiffs' repeated and unexcused failure to provide available dates for plaintiffs' depositions, untimely responses to the interrogatories, and failure to produce a single document, constitutes a complete failure to provide discovery.

## III. THE MOTION TO COMPEL

A. <u>Legal Standards</u>

The scope of discovery under Federal Rule of Civil Procedure 26 is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947)). If relevancy is plain from the face of the request, the party who resists discovery has the burden to show that discovery should not be allowed, and carries the "heavy burden of clarifying, explaining, and supporting its objections." <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975).

Federal Rules 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, <u>National Ass'n of Radiation Survivors v. Turnage</u>, 115 F.R.D. 543, 554– 56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a Rule 34 production request... 'is under an affirmative duty to seek that information reasonably available to [it] from

4

[its] employees, agents, or others subject to [its] control.'" Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted).

B. Analysis

Defendants contend in their motion that (1) plaintiffs should be ordered to appear for depositions; (2) plaintiffs' failure to respond to the interrogatories by the April 23, 2018 deadline constitutes a waiver of any objection; (3) plaintiffs should supplement their deficient responses to the interrogatories and verify their responses pursuant to Fed. R. Civ. P. 33(b)(5); and (4) plaintiffs should be ordered to respond and produce defendants' request for production. The court agrees.

For purposes of this unopposed motion, the relevance of the discovery defendant seeks is plain from the face of the discovery requests. See ECF No. 49-1 at 32-120 (document requests); 49-1 at 122-171 (interrogatories). The document requests and interrogatories seek information plainly relevant to plaintiff's claims, and to the specific allegations of the complaint. The deposition testimonies of the plaintiffs are also plainly relevant. Plaintiffs have offered no objection to the deposition, nor any excuse for not attending.

There is no dispute that plaintiffs' responses to the interrogatories were post-marked April 25, 2018 - two days after the deadline of April 23, 2018. Pham Decl. (49-1) at ¶11. Plaintiffs offer no excuse for its untimeliness. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp., 959 F.2d at 1473. Plaintiffs will therefore be ordered to supplement their responses to defendants' First Set of Interrogatories, without objections, and consistent with Fed. R. Civ. P. 33(b)(5). Plaintiffs have also failed to offer any explanation or support for their failure to respond and produce documents propounded in defendants' First Set of Requests for Production within the April 23, 2018 deadline. Plaintiffs will be ordered to respond to the document requests and produce nonprivileged documents to defendants' First Set of Requests for Production as well.

It is clear to the court that there has been a complete failure by plaintiffs to produce relevant discovery. Defendants' motion to compel will therefore be granted.

////

C. <u>Sanctions</u>

Plaintiffs also seek sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A) in the amount of $7,450.00 for expenses incurred bringing this motion. Pham Decl. (49-1) at ¶¶16-20; Supplemental Declaration of Teri T. Pham (ECF No. 49-2 at 1-8) ("Pham Supp. Decl. (49-2)") at ¶6.

Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Based on the unopposed motion, plaintiffs' complete failure to produce and prepare deponents in response to the noticed depositions, untimely responses to the interrogatories, and failure to respond and produce document requests, the court finds sanctions are warranted in this case.

The appropriate method for computing fees in this case is the lodestar approach, in which the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. <u>Cunningham v. City of Los Angeles</u>, 879 F.2d 481, 484 (9th Cir. 1988). To determine the amount of sanctions, defendants' counsel must submit to this court a billing statement reflecting the time spent on this discovery dispute for each attorney and paralegal, along with a declaration including their hourly rates.[2] Following this submission the court will

---

[2] The court will not honor rates for reimbursement above the common rates in Sacramento, which have previously been set by this court at $350 per hour for attorneys and $75 per hour for paralegals, without a strong showing of good cause. See <u>Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.</u>, No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *1 (E.D. Cal.

6

issue a separate order on the amount of sanctions owed to defendants.

Plaintiffs are further cautioned that any further violation of its discovery obligations and/or this court's orders may result in future sanctions, up to and including dismissal of the case. Local Rule 110.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Motion to Compel (ECF No. 48) is GRANTED, as follows. Plaintiffs shall:
   a. Provide written responses to defendants' First Set of Interrogatories and First Set of Requests for Production, consistent with this order, within 10 days of this order;
   b. Produce all nonprivileged documents responsive to defendants' First Set of Requests for Production propounded on Plaintiffs within 10 days of this order;
   c. Appear for a deposition in Sacramento, California on the following dates, unless the parties agree to a different date, time, and/or place for these depositions:
      i. Plaintiff Kerry Boulton on August 6, 2018 at 10:00 a.m.
      ii. Plaintiff Ane Marie Lacy on August 7, 2018 at 10:00 a.m.
      iii. Plaintiff William Gamba on August 8, 2018 at 10:00 a.m.
      iv. Plaintiff Luca Angelucci on August 9, 2018 at 10:00 a.m.
      v. Plaintiff Jeremy Andrews on August 10, 2018 at 10:00 a.m.
2. Defendants must submit to the court, within 5 days of this order, billing records associated with the need to bring the motion at bar, and accompanying declarations regarding attorney and paralegal rates, so that the court can make a determination regarding the amount of attorneys' fees as sanctions. The determination of fees as sanctions will issue in a separate order following receipt of these documents; and

---

June 9, 2017), Orr v. California Highway Patrol, 2015 WL 9305021 at * 4, 2015 U.S. Dist. LEXIS 170862 at *13 (E.D. Cal. 2015) (Shubb, J.); Lin v. Dignity Health, 2014 WL 5698448 at *3, 2014 U.S. Dist. LEXIS 155980 at *7-8 (E.D. Cal. 2014) (Mueller, J.).

3. Plaintiffs are warned that failure to comply with this order and future failure to comply with discovery obligations will result in further sanctions, up to and including dismissal of this action.

DATED: July 18, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE