UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BOULTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. TAX LIEN ASSOCIATION, LLC, et al.,<br><br>Defendants. | No. 2:15-cv-2384 MCE AC<br><br><br><br>ORDER |

On July 18, 2018, the undersigned granted defendants' motion to compel and for sanctions and ordered defendants to submit the billing records necessary to calculate fees. Id. Defendants have done so, and the court hereby orders fees in the amount of $7,450.

**I.  Relevant Background**

On June 20, 2018, defendants filed a motion to compel and for sanctions. ECF No. 48. On July 16, 2018, the court determined that oral argument was not necessary and submitted the motion on the papers. ECF No. 50. On July 18, 2018, the court granted defendants' motion and ordered that an award of fees as sanctions would follow separately upon the submission of the necessary documentation from defendants. ECF No. 51. Defendants submitted the necessary documentation on July 23, 2018. ECF No. 52. Plaintiffs did not file a response or objections.

////

1

## II. Analysis

The parties have not disputed that the appropriate method for computing fees in this case is the lodestar approach, in which the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Cunningham v. City of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988). In order to reach a determination of total fees owed as sanctions, the court must consider (1) when the billable hours began to run towards sanctions, and (2) the appropriate rates by which to multiply the hours for each billing individual.

As to the first matter, the court determines that hours began to run towards sanctions for all discovery related efforts in connection with the motion to compel commencing on May 16, 2018. It is clear to the court that had plaintiffs responded and participated in defendants' discovery requests, no further hours spent on discovery-related conflict would have been necessary. Thus, the court accepts the hours presented for the attorneys and paralegal represented in Jennifer L. Johnson's Declaration. ECF No. 52.

With respect to rates, defendants calculate their rates at an amount higher than the "local rates" previously determined by this court. The court has recently held rates at $350 per hour for attorneys and $75 per hour for paralegals are appropriate in this district. Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *3 (E.D. Cal. June 9, 2017); see also Ass'n v. California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *1 (E.D. Cal. June 9, 2017), Orr v. California Highway Patrol, 2015 WL 9305021 at * 4, 2015 U.S. Dist. LEXIS 170862 at *13 (E.D. Cal. 2015) (Shubb, J.); Lin v. Dignity Health, 2014 WL5698448 at *3, 2014 U.S. Dist. LEXIS 155980 at *7-8 (E.D. Cal. 2014) (Mueller, J.). Though the court has reviewed the submitted declarations and understands that defendants' counsel ordinarily bills at higher rates, the court does not find good cause to deviate from the ordinarily enforced rates in this district. A calculation of defendants' billed time since May 16, 2018 at the accepted local rate yields a total sum higher than the amount sought as sanctions. Accordingly, the court will limit the award to defendants' request of sanctions in the amount of $7,450.

////

### III. Conclusion

For the reasons explained above, it is hereby ordered that plaintiffs shall pay to defendants $7,450 in fees as sanctions within 10 days of this order. Failure to timely comply with this order will result in further sanctions.

IT IS SO ORDERED.

DATED: August 9, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE