UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BOULTON, et al., | No. 2:15-cv-2384-MCE-AC |
| Plaintiffs, | |
| v. | ORDER |
| U.S. TAX LIEN ASSOCIATION, LLC, et al., | |
| Defendants. | |

This matter is before the undersigned on defendants' motion for discovery sanctions. ECF No. 53; see E.D. Cal. R. 302(c)(1). The motion was heard on the court's regular law and motion calendar on August 22, 2018. Teri L. Pham and Jenna Karadbil appeared telephonically on behalf of defendants U.S. Tax Lien Association, LLC and Sean Higgins. Brian S. Carter appeared telephonically on behalf of plaintiffs Kerry Boulton, Ane Marie Lacy, William Gamba, Luca Angelucci, and Jeremy Andrew. For the reasons stated below, the undersigned GRANTS in part and DENIES in part, defendants' motion.

## I. RELVEANT BACKGROUND

Plaintiffs commenced this action on November 17, 2015. ECF No. 1. On January 1, 2018, plaintiffs filed a Third Amended Complaint ("TAC"), ECF No. 45, which is the operative complaint in this case. Plaintiffs bring this diversity action raising five state law claims for

1

intentional misrepresentation, negligent misrepresentation, violation of Section 17200 of the California Business & Professional Code, negligence, and breach of fiduciary duties.

On June 20, 2018, defendants filed a motion to compel due to plaintiffs' failure to participate in discovery. ECF No. 48. Plaintiffs did not respond to the motion nor participate in preparing or executing the required joint statement pursuant to Local Rule 251(c). Accordingly, on July 18, 2018, the court granted defendants' unopposed motion and ordered plaintiffs to provide within 10 days, written responses to defendants' first set of interrogatories and first set of requests for production and produce documents responsive to defendant's first set of requests for production. ECF No. 51 at 7. Plaintiffs were further ordered to appear for depositions in Sacramento. Id. Additionally, the court granted monetary sanctions against plaintiffs and ordered defendants to submit the billing records necessary to calculate fees. ECF No. 51 at 7-8. The court specifically warned plaintiffs that failure to comply with the order may result in sanctions, up to and including dismissal of his case. ECF No. 51 at 8. Based on defendants' billing records, plaintiffs were ordered to pay defendants $7,450 in fees as sanctions by August 19, 2018. ECF Nos. 55.

## II. MOTION FOR SANCTIONS

Defendants have filed a motion for terminating sanctions, or in the alternative, for monetary sanctions pursuant to Fed. R. Civ. P. 37(b)(2), based on defendants' failure to comply with the court's July 18, 2018 order. ECF No. 53. Defendants represent that the ordered responses and documents have not been produced, and that the scheduled depositions therefore cannot go forward as ordered.[1] In opposition to defendants' motion, plaintiffs' counsel presented his account of confusion based on defendants' dual representation and resulting "mixed messages," and about his obligations to comply with discovery demands in light of settlement discussions. ECF No. 56. However, plaintiffs failed to address their failure to comply with the court's July 18, 2018 order. Plaintiffs do not dispute that they have not provided the discovery

---

[1] The motion for terminating sanctions was filed after the deadline for compelled production had passed, and shortly before the first ordered deposition date. All deposition dates have now passed, and counsel confirmed at hearing that no depositions had taken place and all ordered discovery remains outstanding.

2

previously ordered or paid the monetary sanctions previously imposed. [2]

A. Terminating Sanctions

The rules of discovery in federal cases permit the district court, in its discretion, to enter a default judgment against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); see also Henry v. Gill Indus., Inc., 983 F.2d 943, 946-49 (9th Cir. 1993) (upholding a district court's dismissal of an action as a discovery sanction). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe . . .[o]nly willfulness, bad faith, and fault justify terminating sanctions." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citations omitted).

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Id. (internal citations omitted). The district court need not find each factor favors dismissal as a condition precedent to terminating sanctions; instead, these factors provide a framework for the court's analysis. Id. "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Id. (internal citations omitted).

In this case, extensive discussion of the five factors is not necessary because (1) less drastic sanctions remain available, and (2) defendants cannot demonstrate prejudice in the

---

[2] Plaintiffs request, in their response to the instant motion, that the court reconsider its previous order imposing monetary sanctions. ECF No. 56 at 5. No properly-filed motion for reconsideration is before the court. See Local Rule 230(j). Even if properly brought, such a motion would be denied on the merits. Plaintiffs' complete failure to participate in the joint statement on the motion to compel, or to otherwise communicate their concerns to the court, fully warranted granting the motion on defendants' terms and imposing monetary sanctions.

absence of a discovery deadline.[3]  Accordingly, terminating sanctions are unwarranted at this time.

B. <u>Monetary Sanctions</u>

As to defendants' alternative request for additional monetary sanctions, the court finds that Fed. R. Civ. P. 37 sanctions are appropriate.  Under Fed. R. Civ. P. 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure[.]"  At the hearing, plaintiffs' counsel provided no acceptable explanation for his failure to produce and respond to the discovery requests as ordered by the court on July 18, 2018, or to pay the previously ordered sanctions.  In light of this blatant and unexcused failure to comply with the court's order, further sanctions are warranted.  These sanctions – and those previously ordered – shall be paid personally by Brian S. Carter and shall not be charged to counsel's clients.

The appropriate method for computing fees in this case is the lodestar approach, in which the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate.  <u>Cunningham v. City of Los Angeles</u>, 879 F.2d 481, 484 (9th Cir. 1988).  To determine the amount of sanctions, defendants' counsel must submit to this court a billing statement reflecting the time spent on this discovery dispute for each attorney and paralegal, along with a declaration including their hourly rates.  Following this submission, the court will issue a separate order on the amount of sanctions owed to defendants.

Plaintiffs are again cautioned that any further violation of its discovery obligations and/or this court's orders may result in future sanctions, up to and including dismissal of the case. Local Rule 110.

III. CONCLUSION

For the reasons set forth above, and for good cause shown, defendants' motion for sanctions, ECF No. 53, is GRANTED in part, and it is specifically ORDERED as follows:

1. Plaintiffs must provide to defendants, by close of business on August 29, 2018, all

---

[3] The district judge has not yet re-issued a scheduling order on this case.  <u>See</u> ECF No. 37 (vacating previous scheduling order).

4

written responses to defendants' First Set of Interrogatories and First Set of Requests for Production as ordered on July 18, 2018 (ECF No. 51);

2. Plaintiffs must produce to defendants, by close of business on August 29, 2018, all nonprivileged documents responsive to defendants' First Set of Requests for Production propounded on Plaintiffs as ordered on July 18, 2018 (ECF No. 51);

3. The parties are directed to meet and confer as soon as practical for purposes of seeking agreement on a schedule for plaintiffs' depositions. If the parties are able to reach an agreement, counsel shall file a notice so informing the court no later than 4:00 p.m. on September 7, 2018. If the parties fail to reach an agreement, they are directed to contact the undersigned's courtroom deputy, Valerie Callen, no later than 4:00 p.m. on September 7, 2018, to make the necessary arrangements for an informal telephonic conference to resolve the scheduling of plaintiffs' depositions;

4. Plaintiffs' counsel is ordered to pay **forthwith** to defendants $7,450 in fees as sanctions ordered on August 10, 2018 (ECF No. 55). Sanctions shall be paid personally by Brian S. Carter and shall not be charged to counsel's clients;

5. Defendants shall submit to the court, within 5 days of this order, billing records associated with the need to bring the instant motion, and accompanying declarations regarding attorney and paralegal rates, so that the court can make a determination regarding the amount of additional attorneys' fees to be awarded as sanctions. The determination of fees as sanctions will issue in a separate order following receipt of these documents; and

6. Plaintiffs are warned that failure to comply with this order and future failure to comply with discovery obligations will result in further sanctions, up to and including dismissal of this action.

DATED: August 22, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE