| | |
|---|---|
| KERRY BOULTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. TAX LIEN ASSOCIATION, LLC, et al.,<br><br>Defendants. | No. 2:15-cv-2384 MCE AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter is before the court on defendants U.S. Tax Lien Association and Sean Higgins' motion for discovery sanctions. ECF No. 66; see E.D. Cal. R. 302(c)(1). As discussed more fully below, this is defendants' second motion for terminating sanctions, and their third motion arising from the same underlying discovery dispute. Plaintiffs filed an untimely opposition, and defendants filed a reply. ECF Nos. 70, 72. The motion came on the court's regular law and motion calendar on October 31, 2018. Terri L. Pham appeared telephonically on behalf of defendants U.S. Tax Lien Association, LLC and Sean Higgins. Brain S. Carter, who was scheduled to appear on behalf of plaintiffs Kerry Boulton, Ane Marie Lacy, William Gamba, Luca Angelucci, and Jeremy Andrew, failed to appear. For the reasons stated below, the undersigned recommends that defendants' motion for terminating sanctions be granted and this action dismissed in its entirety.

1

I. BACKGROUND

A. <u>Overview</u>

Plaintiffs initiated this diversity action on November 17, 2015, and are proceeding on a Third Amended Complaint ("Complaint") filed January 1, 2018. ECF Nos. 1, 45. The Complaint presents claims for (1) intentional misrepresentation; (2) negligent misrepresentation; (3) violation of California Business and Professions Code Section 17200; (4) negligence; and (5) breach of fiduciary duties against defendants Saen Higgins, Steve Clements, and US Tax Lien Association, LLC ("USTLA").[1] ECF No 45 at 11-20. The Complaint seeks compensatory damages in the amount of $358,000; punitive damages in the amount of $3,222,000; special, incidental and/or consequential damages; and reasonable attorney fees and costs. <u>Id.</u> at 19.

According to the Complaint, plaintiffs paid thousands of dollars to attend tax training programs that defendants presented at various international locations to learn how to invest in U.S. Government-Issued Tax Lien and Deed Certificates. ECF No. 45 at 1-2. As non-U.S. citizens, plaintiffs were referred by defendants to American Transfer Services, Inc., to assist them in meeting the additional requirements to purchase U.S. Tax Certificates. <u>Id.</u> at 2. However, plaintiffs allege that instead of assisting them to meet the additional requirements for foreign investors, American Transfer Services, Inc. unlawfully withheld approximately $297,000 of plaintiffs' money. <u>Id.</u>

B. <u>Initial Motion to Compel and July 18, 2018 Order</u>

Defendants filed a motion to compel discovery on June 20, 2018. ECF No. 48. Plaintiffs did not respond to the motion in any way, or participate in executing the joint statement required by Local Rule 251(c). Accordingly, the motion was submitted on the papers, without hearing. ECF No. 50. The undersigned granted the motion in full, ECF No. 51, and plaintiffs' counsel was subsequently ordered to pay defendants' motion-related fees and costs as a sanction, ECF No. 55.

The order granting the motion to compel, filed July 18, 2018, recited the following facts:

> On January 31, 2018, the parties participated in an early meet and confer relating to discovery and the taking of depositions.

---

[1] Steve Clements has not appeared.

Declaration of Teri T. Pham (ECF No. 49-1 at 1-5) ("Pham Decl. (49-1)") at ¶3. Plaintiffs' counsel was expected to provide plaintiffs' available dates for the depositions after the meeting. Id. at ¶4. However, no dates were provided to defendants as promised. Id. On March 20, 2018, defendants noticed depositions for plaintiffs and served document requests and interrogatories on plaintiffs' counsel. Pham Decl. (49-1) at ¶4; ECF Nos. 49-1 at 7-30 (Notice of Deposition of Plaintiff Kerry Boulton ("Exh. A"), Notice of Deposition of Plaintiff Ane Marie Lacy ("Exh. B"), Notice of Deposition of Plaintiff William Gamba ("Exh. C"), Notice of Deposition of Plaintiff Luca Angelucci ("Exh. D"), Notice of Deposition of Plaintiff Jeremy Andrews ("Exh. E")); 49-1 at 32-120 (document requests); 49-1 at 122-171 (interrogatories). On April 13, 2018, after receiving no response from plaintiffs' counsel, defendants' counsel sent an email confirming the appearance of plaintiffs at their depositions. Pham Decl. (49-1) at ¶5. Plaintiffs' counsel responded that same day that the deposition dates did not work and that counsel would contact plaintiffs regarding alternate dates by the following week. Id. at ¶6. On April 19, 2018, plaintiffs' counsel provided an available date for one plaintiff and promised to provide the remaining dates for the other four plaintiffs by the end of the week. Id. at ¶7. Defendants' counsel notified plaintiffs' counsel of their unavailability for the proposed date and provided several alternative dates for the depositions to take place and of their availability – however, plaintiffs' counsel failed to respond. Id. at ¶7. By the April 23, 2018 discovery deadline, plaintiffs' counsel had failed to provide responses to the document requests and interrogatories. Id. at ¶9.

On April 26, 2018, defendants' counsel contacted plaintiffs' counsel to request available dates for the depositions to take place. Pham Decl. (49-1) at ¶8. On May 2, 2018, due to plaintiffs' failure to respond, defendants' counsel sent a letter setting a deadline of May 4, 2018 for plaintiffs' counsel to provide dates for the depositions and responses to the discovery requests. Id. at ¶10; 49-1 at 184 (Exhibit S). On May 7, 2018, defendants' counsel was notified by New York co-counsel that plaintiffs' unverified responses to the interrogatories were received with a post-marked date of April 25, 2018 in New York. Pham Decl. (49-1) at ¶11. However, no responses were served on defendants' co-counsel, Ms. Pham, or her office. Id. Defendants' counsel sent another letter the same day, again making the same requests as her May 2, 2018 letter. Id. at ¶12. Defendants' counsel also provided for availability to meet and confer regarding the outstanding discovery requests. Id.; 49-1 at 187 (Exhibit T).

On May 9, 2018, after no response from plaintiffs' counsel, defendants' counsel sent an email notifying plaintiffs' counsel that they would be moving forward on the motion to compel due to the lack of communication and effort to meet in confer. Pham Decl. (49-1) at ¶13. That same day, plaintiffs' counsel responded by email that he was compiling responses to the document requests and that they would be provided by end of the week, as well as the dates of availability to take plaintiffs' depositions. Id. at ¶ 14. After receiving no further responses from plaintiffs' counsel, on May 21,

3

2018, defendants' counsel sent yet another email detailing the outstanding document requests, deficient and untimely responses to the interrogatories, and requesting availability to meet and confer pursuant to Local Rule 251(b). Id. at ¶ 15. Plaintiffs' counsel did not respond. Id.

ECF No. 51 at 2-4.

In granting the unopposed motion to compel, the undersigned ordered as follows:

… Plaintiffs shall:

a. Provide written responses to defendants' First Set of Interrogatories and First Set of Requests for Production, consistent with this order, within 10 days of this order;

b. Produce all nonprivileged documents responsive to defendants' First Set of Requests for Production propounded on Plaintiffs within 10 days of this order;

c. Appear for a deposition in Sacramento, California on the following dates, unless the parties agree to a different date, time, and/or place for these depositions:

    i. Plaintiff Kerry Boulton on August 6, 2018 at 10:00 a.m.

    ii. Plaintiff Ane Marie Lacy on August 7, 2018 at 10:00 a.m.

    iii. Plaintiff William Gamba on August 8, 2018 at 10:00 a.m.

    iv. Plaintiff Luca Angelucci on August 9, 2018 at 10:00 a.m.

    v. Plaintiff Jeremy Andrews on August 10, 2018 at 10:00 a.m.

ECF No. 51 at 7.

The court warned plaintiffs "that failure to comply with this order and future failure to comply with discovery obligations will result in further sanctions, up to and including dismissal of this action." ECF No. 51 at 8. After receiving defendants' billing records, the court granted monetary sanctions in the amount of $7,450, due by August 19, 2018. ECF No. 55. Plaintiffs were again warned that "failure to timely comply with this order will result in further sanctions." ECF No. 55 at 3.

C. First Ex Parte Request for Sanctions and August 22, 2018 Order

On August 3, 2018, following expiration of the deadline for compelled production of documents and interrogatory responses, defendants filed an ex parte application for terminating

4

sanctions, or in the alternative, for monetary sanctions pursuant to Fed. R. Civ. Proc. 37(b)(2). ECF No. 53. Defendants represented that the documents and responses to interrogatories ordered by the court had not been provided. Upon receipt of the ex parte request, the court ordered the matter briefed and placed it on the court's regular law and motion calendar for August 22, 2018. ECF No. 54. By that date the court-ordered deposition dates had also passed. At oral argument, plaintiffs' counsel confirmed that no depositions had taken place and that all previously-ordered discovery remained outstanding. ECF No. 59 at fn. 1. Moreover, plaintiffs' counsel did not dispute that the previously-ordered sanctions had not been paid. ECF No. 59 at 1-2. Rather than demonstrating compliance with the court's orders, or good cause for delay, plaintiffs' counsel argued in essence that his non-compliance should be excused because he had received "mixed messages" from the defense about the need to continue discovery in light of settlement discussions. Id. at 2; see also ECF No. 56.

On August 22, 2018 the court granted defendants' motion in part. ECF No. 59. At the time, the court found that terminating sanctions were unwarranted because less drastic sanctions were available, and because defendants had not established prejudice.[2] Id. at 3-4.

The undersigned ordered as follows:

> 1. Plaintiffs must provide to defendants, by close of business on August 29, 2018, all written responses to defendants' First Set of Interrogatories and First Set of Requests for Production as ordered on July 18, 2018 (ECF No. 51);
>
> 2. Plaintiffs must produce to defendants, by close of business on August 29, 2018, all nonprivileged documents responsive to defendants' First Set of Requests for Production propounded on Plaintiffs as ordered on July 18, 2018 (ECF No. 51);
>
> 3. The parties are directed to meet and confer as soon as practical for purposes of seeking agreement on a schedule for plaintiffs' depositions. If the parties are able to reach an agreement, counsel shall file a notice so informing the court no later than 4:00 p.m. on September 7, 2018. If the parties fail to reach an agreement, they are directed to contact the undersigned's courtroom deputy, Valerie Callen, no later than 4:00 p.m. on September 7, 2018, to make the necessary arrangements for an informal telephonic conference to resolve the scheduling of plaintiffs' depositions;

---

[2] At that time, no scheduling order had been issued and no discovery deadline was in place.

> 4. Plaintiffs' counsel is ordered to pay **forthwith** to defendants $7,450 in fees as sanctions ordered on August 10, 2018 (ECF No. 55). Sanctions shall be paid personally by Brian S. Carter and shall not be charged to counsel's clients;

ECF No. 59 at 4-5.

The court further found that additional monetary sanctions were warranted for plaintiffs' counsel's "blatant and unexcused failure to comply with the court's [previous] order." Id. at 4. These were later ordered in the amount of $10,380. ECF Nos. 59, 71. The additional sanctions were ordered to be paid personally by plaintiffs' counsel, Brian S. Carter, no later than October 22, 2018. ECF No. 71 at 3.

The August 22 order again warned plaintiffs that "failure to comply with this order and future failure to comply with discovery obligations will result in further sanctions, up to and including dismissal of this action." Id. at 5.

D. Events Following the Court's August 22, 2018 Order

As set forth above, September 7, 2018 was the deadline the court set for the parties to either (1) agree to a schedule for plaintiffs' depositions, or (2) schedule a telephonic discovery conference with the undersigned to resolve the scheduling dispute. ECF No. 59 at 5. On September 7 the parties did not jointly contact the court to make arrangements for a conference call. Instead, defendants filed a notice of inability to agree to a schedule for plaintiffs' depositions. ECF No. 63. Defendants reported that proposed dates for depositions were not received from plaintiffs, and that plaintiffs' counsel had refused or ignored defendants' requests to schedule an informal telephonic conference as ordered by the court on August 22. Id. at 2. Defendants further reported that all court-ordered discovery responses remained outstanding, and that previously ordered monetary sanctions in the amount of $7,450 had not been paid. Id.

On September 10, 2018, plaintiffs' counsel submitted a declaration stating, among other things, that he had provided defendants with proposed deposition dates for plaintiffs. ECF No. 65. He did not address his non-compliance with the court's prior orders regarding discovery responses, the payment of monetary sanctions, and cooperation in arranging a telephonic discovery conference.

On September 21, 2018, defendants filed an ex parte application for terminating sanctions, or in the alternative, evidentiary sanctions and additional monetary sanctions. ECF No. 66. On September 24, 2018, the court issued a briefing schedule and scheduled a hearing on the motion for October 31, 2018. ECF No. 67. Plaintiffs filed a response one day late, ECF No. 68, and the following day withdrew it and filed a different response making different factual representations. ECF Nos. 69, 70. Plaintiffs' counsel failed to appear at the hearing on the motion. ECF No. 73. Counsel for defendants confirmed on the record that none of the discovery responses at issue had been produced, no depositions had been conducted or scheduled, and none of the monetary sanctions previously imposed had been paid.

## II. MOTION FOR SANCTIONS

Defendants Saen Higgins and USTLA seek terminating sanctions or, in the alternative, evidentiary sanctions and additional monetary sanctions, based on defendants' repeated failure to comply with the court's orders. ECF No. 66.

Plaintiffs' opposition, filed two days late without any request for an extension of time or explanation of untimeliness, represents that plaintiffs have provided complete responses to each of defendants' discovery requests. ECF No. 70 at 2.[3] In the alternative, plaintiffs seek imposition of sanctions on defendants for the filing of "frivolous ex parte requests." Id. at 3. As proof of compliance with their discovery obligations, plaintiffs submit declarations of service of plaintiffs' responses to defendants' interrogatories. See ECF Nos. 70-1, 70-2. Plaintiffs fail to address whether they have complied with the court's previous orders as to the payment of monetary sanctions. To date, no notice of payment has been filed with the court.

## III. STANDARDS

The rules of discovery in federal cases permit the district court, in its discretion, to enter a default judgment against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); see also Henry v. Gill Indus., Inc., 983 F.2d 943, 946-49 (9th Cir. 1993)

---

[3] The opposition cites to the declaration of counsel Brian S. Carter, but there is no such declaration attached to the opposition. See generally ECF No. 70. The withdrawn opposition did include a declaration of counsel, ECF No. 68-1, but its content is not consistent with the representations in ECF No. 70.

7

(upholding a district court's dismissal of an action as a discovery sanction). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe . . .[o]nly willfulness, bad faith, and fault justify terminating sanctions." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citations omitted).

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Connecticut Gen. Life Ins. Co., 482 F.3d at 1096 (internal citations omitted). The district court need not find each factor favors dismissal as a condition precedent to terminating sanctions; instead, these factors provide a framework for the court's analysis. Id. "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Id. (internal citations omitted).

### IV. TERMINATING SANCTIONS ARE APPROPRIATE

For the reasons now explained, consideration of all the relevant factors leads this court to the conclusion that terminating sanctions are appropriate.

A. Willfulness, Bad Faith and Fault

Plaintiffs' violation of discovery orders, and of this court's authority, can no longer be construed as anything but willful. As recited above, plaintiffs failed entirely to comply with the initial July 18, 2018 order to produce further documents and responses to interrogatories within 10 days, and to produce plaintiffs for depositions on specific dates. This violation followed plaintiffs' violation of the Local Rule's requirement of participation in the submission of a joint statement regarding the discovery dispute. Plaintiffs' counsel thereafter failed to pay the

8

monetary sanctions that were ordered, and that violation continues to date. This conduct constitutes a complete failure to participate in the litigation process and to follow the rules and orders of the court.

Moreover, in response to the ensuing first motion for sanctions, plaintiffs' counsel argued in effect that he had been lulled into noncompliance by the conflicting messages of two different lawyers for defendants, and that he believed ongoing settlement negotiations rendered discovery unnecessary. ECF No. 56. These excuses completely ignore counsel's obligations to the court. If Mr. Carter was receiving mixed messages, or believed that ongoing settlement conversations should excuse compliance, it was incumbent upon him to seek relief from the court's order before the deadlines expired. Otherwise, all counsel remain bound by whatever orders remain in force. Mr. Carter never sought an extension of the schedule set in the July 18 order.

When a second deadline was nonetheless set for the same production of additional documents and responses to interrogatories, by order filed August 22, 2018, that deadline was also ignored by plaintiffs. The new deadline was August 29, 2018. ECF No. 59 at 4-5. When defendants filed their instant motion for sanctions on September 21, 2018, they had received no responsive documents or further interrogatory answers. In opposition to the motion, plaintiffs represented that they have complied with their discovery obligations. Plaintiffs' opposition, however, raises more questions than it answers.

Plaintiffs' first-filed opposition, later withdrawn, was supported by a declaration in which Mr. Carter inaccurately averred that complete responses to defendants' request for production of documents had been served on August 29, 2018, and that responses to interrogatories, absent only some original signed verifications, were served on September 18, 2018. ECF No. 68-1 (Carter Decl.); see also ECF No. 69 (withdrawal of response).[4] The subsequently-filed and presumably corrected response, unsupported by a declaration of counsel (although such a declaration is

---

[4] The documents served on August 29, proofs of service for which were attached to the declaration, were not the discovery responses ordered by the court and at issue on defendant's motion for sanctions; they were discovery requests propounded *by plaintiffs* on defendants. ECF No. 68-2. Although the court rejects defendants' suggestion of an intent to deceive, plaintiffs' counsel here demonstrates a degree of carelessness that is consistent with his pattern of disregard for his obligations to opposing counsel and to the court.

9

referenced in the brief) but accompanied by exhibits, also represented that complete responses had been served. ECF No. 70 at 2. The attachments, however, fail to demonstrate compliance. Plaintiff's Exhibit A (ECF No. 70-1) consists of proofs of service dated April 25, 2018, for the individual plaintiffs' responses to interrogatories. These are the very responses that defendants challenged as inadequate in their initial and unopposed motion to compel.[5] Because the motion to compel further responses was granted, plaintiffs were obliged to provide further answers. These April proofs of service do not document compliance with the court's July and August orders.

Plaintiff's Exhibit B (ECF No. 70-2) documents service by mail on September 18, 2018, of three individual plaintiffs' responses to requests for production of documents, and service by mail on September 27, 2018 of responses to requests for production of documents from the other two plaintiffs. Both sets of documents were served substantially after the August 29 deadline, and their completeness is disputed.[6] Plaintiffs' opposition to the sanctions motion provides no explanation for the delay. Indeed, plaintiffs do not even acknowledge let alone demonstrate cause for their failure to meet the deadline or counsel's failure to pay the previously-ordered sanctions. See ECF No. 70.

In addition to ignoring court-imposed deadlines, plaintiffs' counsel also failed to comply with the court's order regarding the process for scheduling plaintiffs' depositions. The August 22 order did not set a deposition schedule, as the timing of depositions might reasonably be affected by the scope and contents of the anticipated document disclosures and interrogatory responses, among other issues.[7] Instead, the undersigned directed the parties to meet and confer in an attempt to agree on a deposition schedule and, if cooperative efforts were unsuccessful, to schedule a telephonic discovery conference with the undersigned. ECF No. 59 at 5. The court was prepared to impose a deposition schedule at such a conference, if necessary. When no

---

[5] These April 2018 responses were also late at the time they were served, as the court has previously acknowledged. See ECF No. 51 at 5.
[6] In light of the recommendation for terminating sanctions, the court need not entertain yet another motion to compel seeking the same information.
[7] Some of the plaintiffs live outside the United States and/or have medical or family complications. The parties have discussed conducting some depositions by video-conference, but have been unable to reach agreement about this or much of anything else.

10

agreement was reached by the September 7 deadline, plaintiffs' counsel refused to cooperate with defense counsel in making the necessary arrangements for a telephonic discovery conference.

Defendants have provided documentation of a tense exchange of email messages between counsel from August 27 through September 7, regarding compliance with the discovery orders. ECF No. 661 at 288-296 (Exhibit 21 to Pham Decl.). Two days before the deadline, when defendants' counsel attempted to identify mutually agreeable times for a call to the court, Mr. Carter stated that "the magistrate judge did not ask/order us to set up another teleconference call and I am sure the court has better things to do then [sic] baby sit counsel. I certainly do." Id. at 289. Mr. Carter demanded that Ms. Pham identify any court order requiring a discovery conference. Id. It should go without saying that Mr. Carter is responsible for knowing the contents of the August 22 order himself, and complying with it.

On September 7, in the absence of both an agreement regarding depositions and Mr. Carter's cooperation in scheduling a telephonic conference, Ms. Pham filed a notice apprising the court of the parties' inability to agree. ECF No. 63. Mr. Carter's response to her, sent via email at 4:03 p.m.,[8] reflects his continuing refusal to take responsibility for knowing and complying with the court's orders. It also reflects a shocking lack of professionalism and civility:

> Have you no idea what you are doing? The judge said to agree by September 7, 2018 and file a stipulation with the agreed upon dates. What is today? Is it September 7? Is today over? I am so tired of your ridiculous emails and declarations like you're a kindergartner tattling on a classmate. If I didn't have to respond and read so many of your ridiculous emails then we would probably already have had the depositions completed.
>
> [. . .]
>
> **Lastly, I am going to bring the house down on your client so that it ceases to exist.**

Id. at 288 (emphasis in original).

In addition to disregarding the deadlines set by the court, Mr. Carter has failed to pay two

---

[8] The parties had been ordered to contact the undersigned's courtroom deputy no later than 4:00 p.m. on September 7 to arrange for a telephonic discovery conference, if they had not agreed to a deposition schedule by that time. ECF No. 59 at 5.

11

awards of sanctions totaling $17,830.  Counsel was specifically ordered to pay these sanctions personally and not charge them to his clients.  ECF Nos. 59 at 5, 71 at 3.  By email dated August 28, 2018, after the court had specified that sanctions were to be paid personally by counsel and not charged to the individual plaintiffs, Mr. Carter replied to Ms. Pham's inquiry regarding the status of the first-ordered payment by stating that "the funds will be forthcoming when received from plaintiffs."  ECF No. 66-1 at 294.  On its face, this statement indicates complete disregard of the court's order.  No sanctions have yet been paid, so Mr. Carter cannot be said to have violated the terms of the order regarding the source of payment.  However, he has plainly and repeatedly violated the court's orders that the sanctions be paid.

Mr. Carter's pattern of conduct in this case – his failure to comply with Local Rule 251(c); failure to meet filing deadlines specially set by the court; failure to appear for argument; repeated failure to meet court-ordered deadlines for the production of compelled discovery; failure to follow the court's order regarding the deposition-scheduling process; unprofessional conduct in communications with opposing counsel; and failure to pay court-ordered discovery sanctions – establishes willfulness and a degree of fault more than sufficient to support terminating sanctions.

### B. Public Interest in the Expeditious Resolution of Cases

Plaintiffs' refusal to comply with their discovery obligations and numerous court orders has delayed the expeditious resolution of this case.  The public interest in efficient resolution of cases has thus been thwarted by plaintiffs' conduct. This factor weighs in favor of terminating sanctions.

### C. The Court's Need to Manage Its Docket

Plaintiffs' failure to properly cooperate in discovery has already consumed an undue amount of limited judicial time and resources.  The Eastern District of California has one of the heaviest caseloads in the country.  Due to plaintiffs' conduct, a discovery dispute that should have been straightforward has become an ongoing and increasingly time-consuming mess.  Were this litigation to continue, defendants would have to bring yet another motion to compel regarding the same discovery requests that were the subject of the motion filed last June.  The parties are as far if not further than ever from being ready to depose the individual plaintiffs.  Given plaintiffs'

history of non-compliance with remedial orders, the court can have no confidence that its resolution of future discovery motions would resolve the underlying disputes and move litigation along. Accordingly, considerations of judicial economy weigh in favor of terminating sanctions.

### D. Risk of Prejudice to Defendants

Defendants' ability to defend has been prejudiced by plaintiffs' conduct. To date, defendants have been unable to move forward with plaintiffs' depositions due to plaintiffs' failure to produce relevant responses and materials that will allow defendants to "determine whether the depositions can proceed or whether additional written discovery and documents need to be requested before the depositions." ECF No. 66 at 6-7. In effect, the case has been brought to a complete standstill by plaintiffs' actions, or lack of action. Plaintiffs' conduct thus impairs defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). "Delay alone has been held to be insufficient prejudice. Failure to produce documents as ordered, however, is considered sufficient prejudice." Id. (citations omitted). This factor accordingly weighs in favor of terminating sanctions.

### E. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. However, this policy alone is not sufficient to outweigh the other factors. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006).

### F. Availability and Effectiveness of Lesser Sanctions

The procedural history of this case demonstrates that less drastic sanctions would not be effective. Indeed, lesser sanctions have been imposed and have failed to achieve plaintiffs' compliance. Monetary sanctions have been imposed twice; they have not been paid, and their imposition failed to improve plaintiffs' compliance with their substantive discovery obligations and with court orders. Plaintiffs have been warned on four separate occasions that failure to timely comply with court orders would result in future sanctions. ECF No. 51 at 8; ECF No. 55 at 3; ECF No. 59 at 5; ECF No. 71 at 3. Two of those warnings specifically contemplated future sanctions "up to and including dismissal of this action." ECF No. 51 at 8; ECF No. 59 at 5. This

history amply supports the finding that lesser sanctions are inadequate. This factor weights strongly in favor of terminating sanctions.

G. Conclusion

After consideration of the relevant factors, the court finds that the balance weighs in favor of terminating sanctions.

## V. FURTHER MONETARY SANCTIONS ARE ALSO APPROPRIATE

The court further finds that defendants are entitled to monetary sanctions pursuant to Fed. R. Civ. P. 37. Under Fed. R. Civ. P. 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" Here, plaintiffs' continued failure to obey discovery orders has necessitated a third motion and thus caused defendants to incur legal fees beyond those awarded as sanctions on previous discovery-related motions. Defendants' counsel has provided a declaration stating that she, along with her associate, Jennifer Johnson, have expended 11.25 hours on the instant motion for sanctions at billing rates of $550 and $360 respectively, for a total of $5,095. ECF No. 66-1 at 5. The court will limit the amount of fees awarded as sanctions based on the local rates for attorneys in this district. Adopting the local rates, and pursuant to the lodestar approach, the court awards fees in the amount of $3,937.50 as Rule 37 sanctions.[9] Sanctions shall be paid personally by Brian S. Carter to defendants, and not charged to counsel's clients.

## VI. CONCLUSION

For all the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiffs' counsel Brian S. Carter shall pay to defendants $3,937.50 in fees as sanctions within 10 days of this order. Sanctions shall be paid personally by Brian S. Carter and

---

[9] The court has recently held rates at $350 per hour for attorneys and $75 per hour for paralegals are appropriate in this district. Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *3 (E.D. Cal. June 9, 2017); see also Ass'n v. California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *1 (E.D. Cal. June 9, 2017), Orr v. California Highway Patrol, 2015 WL 9305021 at * 4, 2015 U.S. Dist. LEXIS 170862 at *13 (E.D. Cal. 2015) (Shubb, J.); Lin v. Dignity Health, 2014 WL5698448 at *3, 2014 U.S. Dist. LEXIS 155980 at *7-8 (E.D. Cal. 2014) (Mueller, J.).

shall not be charged to counsel's clients.  Plaintiffs' counsel shall provide to defendants and file with the court a declaration attesting that the sanctions have been paid by counsel personally and not charged to his clients.  Counsel's failure to remit the sum within the 10-day period may result in a report to the State Bar of California.  Defendants' counsel shall file a notice of compliance when the sanctions are paid in full.

    2.  Mr. Carter is further ordered to pay to defendants all past-due sanctions within 10 days of this order.  Specifically, Mr. Carter shall pay a total of $17,830 in fees previously ordered (the total of $7,450 awarded on August 10, 2018, ECF No. 55, and $10,380 awarded on October 12, 2018, ECF No. 71).  Sanctions shall be paid personally by Brian S. Carter and shall not be charged to counsel's clients.  Plaintiffs' counsel shall provide to defendants and file with the court a declaration attesting that the sanctions have been paid by counsel personally and not charged to his clients.  Counsel's failure to remit the sum within the 10-day period may result in a report to the State Bar of California.  Defendants' counsel shall file a notice of compliance when the sanctions are paid in full.

It is RECOMMENDED that defendants' motion for terminating sanctions (ECF No. 66) be GRANTED and that this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

////

////

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 27, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE