UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BOULTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. TAX LIEN ASSOCIATION, LLC, et al.,<br><br>Defendants. | No. 2:15-cv-2384-MCE-AC<br><br>**ORDER** |

Through this action, individual foreign investors ("Plaintiffs") sought to recover from Defendant US Tax Lien Association and its principal, Saen Higgins (collectively "USTLA") and others for alleged misrepresentation and unfair business practices relating to the Plaintiffs' investment in tax lien certificates. Due to a series of misconduct by Plaintiffs' counsel, the Magistrate Judge issued Findings and Recommendations ("F&Rs") which, in part, recommended terminating sanctions against Plaintiffs. ECF No. 74. On January 22, 2019, this Court adopted the F&Rs in full and dismissed this case with prejudice. ECF No. 78. Judgment was entered on the same day. ECF No. 79. On March 21, 2019, Plaintiffs filed a Notice of Appeal. ECF No. 88. Presently before the Court is Plaintiffs' Motion to Stay Execution of Judgment Pending Appeal (ECF No. 91), which asks, in part, that this Court waive bond as a condition of granting the motion to

1

stay. Id. at 1. USTLA opposes Plaintiffs' Motion. ECF No. 93. For the reasons stated below, Plaintiffs' Motion is DENIED.[1]

Federal Rule of Civil Procedure 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). FRCP 62(b)'s bond requirement "speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." Fed. Prescription Serv. v. Am. Pharm. Ass'n, 636 F.2d 755, 759 (D.C. Cir. 1980). "District courts have inherent discretionary authority in setting supersedeas bonds," Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), and "the court has discretion to allow other forms of judgment guarantee," Int'l Telemeter Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985), or even, under "unusual circumstances," to order "unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery," Am. Pharm. Ass'n, 636 F.2d at 760-61. "A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing reasons for such a departure." Lewis v. Cty. of San Diego, No. 13-cv-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) (citations omitted); see also Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist., No. 2:10-cv-02414-KJM-KJN, 2019 WL 2715616, at *3 (E.D. Cal. June 28, 2019).

///
///
///
///
///
///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

| | |
|---|---|
| 1 | Here, Plaintiffs have failed to meet their burden in showing that a waiver of the |
| 2 | Rule 62(b) bond requirement is warranted. Plaintiffs' assertion that the F&Rs contained |
| 3 | factual errors and contradictory findings is insufficient to grant such a waiver. <u>See</u> ECF |
| 4 | No. 91-1, at 3. Furthermore, Plaintiffs have failed to provide an adequate reason for why |
| 5 | they are unable to post a bond. Accordingly, Plaintiffs' Motion to Stay Execution of |
| 6 | Judgment Pending Appeal, ECF No. 91, is DENIED. |
| 7 | IT IS SO ORDERED. |
| 8 | Dated: October 28, 2019 |

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE